FILED & JUDGMENT ENTERED
Christine F. Winchester

January 30 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **ELIZABETH COLE**, | ) | Chapter 13 |
| | ) | Case No. 16-30960 |
| Debtor. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

**THIS MATTER** is before the court on the "Motion for Leave to Appeal In Forma Pauperis" ("Motion") filed by the pro se Debtor on January 13, 2025. In the Motion, the Debtor asks the court to waive the $298 filing fees associated with each of her recently filed appeals of the court's September 20, 2024 Order Denying Debtor's Motion for Contempt for Violation of Discharge Injunction and Motion for Contempt for Automatic Stay Violation[1] ("NCDoR Order"); October 15, 2024 Order Denying Debtor's Motions for Sanctions for Violations of the Automatic Stay by

---

[1] The September 20, 2024 order denies the Debtor's February 28, 2024 and June 13, 2024 motions that allege violations of the discharge injunction and automatic stay by the North Carolina Department of Revenue ("NCDoR").

Mecklenburg County ("Mecklenburg County Order"); and October 18, 2024 Order[2] ("Iredell County Order" and, with the NCDoR Order and the Mecklenburg County Order, "Orders").

There is a question of whether bankruptcy courts have the statutory authority to waive the fee associated with filing a notice of appeal in a Chapter 13 case. Section 1930 of Title 28 of the United States Code governs the fees charged by bankruptcy courts, and section 1930(f)(1) authorizes waivers of filing fees in Chapter 7 cases. Section 1930(f)(3) says that subsection (f) does not prevent courts from waiving fees for other debtors and creditors "in accordance with Judicial Conference policy"; however, "[t]he Judicial Conference has not yet issued a policy concerning waiving fees for other debtors and creditors," BANKRUPTCY FEE COMPENDIUM III, at 16 (June 1, 2014 ed.). Therefore, section 1930 only clearly authorizes waiver of filing fees for Chapter 7 debtors.

Section 1915(a) of Title 28 authorizes "any court of the United States" to waive fees associated with various legal proceedings, including appeals; however, Congress may not have intended to include bankruptcy courts as a "court of the United States" authorized to waive filing fees, see BANKRUPTCY FEE COMPENDIUM, supra, at 16 ("The circuits disagree whether 28 U.S.C. § 1915(a) authorized *in forma pauperis* adversary proceeding complaints and appeals for parties other than individual Chapter 7 debtors."). Some courts have concluded through statutory interpretation and review of the relevant legislative history that a bankruptcy court

---

[2] The October 18, 2024 Order denies the Debtor's August 30, 2024 Motion for Sanctions for Violations of the Automatic Stay by Iredell County Tax Collector.

2

is not a "court of the United States" because bankruptcy judges are not appointed pursuant to Article III of the United States Constitution. See, e.g., In re Perroten, 958 F.2d 889, 893–96 (9th Cir. 1992). Other courts, including one in the Fourth Circuit, have reached the opposite conclusion through statutory interpretation, see, e.g., Shumate v. Signet Bank (In re Shumate), 91 B.R. 23, 26 (Bankr. W.D. Va. 1988) (concluding that the "good behavior" language of 28 U.S.C. § 451 in reference to judges of "courts of the United States" does not exclude bankruptcy judges), and on constitutional due process and equal protection grounds, see, e.g., Harewood v. Sarah Allen Home for the Aged, Inc. (In re Sarah Allen Home, Inc.), 4 B.R. 724, 725–27 (Bankr. E.D. Pa. 1980).

Nevertheless, the court does not need to resolve the question of its authority to waive filing fees in Chapter 13 cases because it would not grant this Motion regardless. In order to proceed in forma pauperis, a litigant must act in good faith, § 1915(a)(3), the allegation of poverty must be true, § 1915(e)(2)(A), and the action cannot be frivolous, malicious, or fail to state a claim, § 1915(e)(2)(B); see also Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915) (stating that review of an application to proceed in forma pauperis requires "exercise of the judicial discretion to determine the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked"). The Debtor's appeals fall short of these requirements.

The Debtor has not established that she meets the financial requirements for waiving a filing fee, and her actions and filings in this court indicate that she does

not. The Motion does not even allege that the Debtor cannot afford the filing fees associated with the appeals, much less provide any explanation of why she cannot pay the fees. The Debtor received a discharge in this case on July 17, 2023 after making regular plan payments over approximately seven years. Presumably her fresh start would free up additional money to pay the filing fees. In order to obtain her fresh start, the Debtor had to reopen this case after it was initially closed without discharge due to her failure to file the required certifications, which required the Debtor to pay a filing fee of $235. See Notice of Case Closed Without Discharge, Ch. 13 Case No. 16-30960 (Bankr. W.D.N.C. June 2, 2023).[3] At the end of her plan, the Debtor was making plan payments of $520 a month, see Order, Ch. 13 Case No. 16-30960 (Bankr. W.D.N.C. Apr. 28, 2022), and those payments are no longer required post-discharge. The Debtor's last amendment to her Official Form 106J (Schedule J: Your Expenses) shows monthly net income of $815.33. All of the facts available to the court indicate that the Debtor can afford the filing fees, and the Debtor did not allege otherwise in her Motion.

In addition, the Debtor appears to be operating in bad faith, her claims are frivolous, some of her claims are not valid, and her actions are malicious. If a trial court certifies in writing that an appeal is not taken in good faith, the filing fee associated with the appeal cannot be waived. § 1915(a)(3). In order "[t]o find that

---

[3] The Motion incorrectly alleges that the court waived the reopening filing fee. After the Debtor filed a "Motion for Reconsideration of Case Closed Without Discharge Docket Entry 312 and Motion for Reconsideration of Final Decree Docket Entry 312-1 Entered on June 2, 2023" ("Motion to Reopen Case") on June 14, 2023, the court entered its Order Setting Hearing on Motion to Reopen Case and Motion for Entry of Discharge on June 16, 2023 that sets a June 27, 2023 hearing on the Motion to Reopen Case and the Debtor's motion for entry of discharge and notes that the court would not consider the Debtor's motions unless she paid the $235 filing fee, and the Debtor paid the fee on June 27, 2023.

4

an appeal is not taken in good faith, the court must conclude 'not merely that the appeal lacks merit, but that the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant.'" In re Fromal, 151 B.R. 733, 735 (Bankr. E.D. Va. 1993) (quoting Harvey v. Taylor Country Farms, Ltd., 968 F.2d 1211 (4th Cir. 1992) (unpublished table decision)).

Numerous aspects of the Debtor's filings and behavior related to the matters she seeks to appeal demonstrate their shortcomings. For example, the Debtor's February 28, 2024 "Motion for Contempt for Violation of Discharge Injunction" claims (among other things) that the North Carolina Department of Revenue ("NCDoR") sent a collection notice in violation of the discharge injunction in this case even though the second paragraph of the motion acknowledges that the NCDoR sent the notice "prior to the debtor's discharge date of July 17, 2023." After the NCDoR's response identified the problem with the Debtor's theory, the Debtor filed a "Motion for Contempt for Automatic Stay Violation" (with the "Motion for Contempt for Violation of Discharge Injunction," "NCDoR Motions") on June 13, 2024 that asserts that the same collection notice violated the automatic stay even though her case was closed and there was no automatic stay when the NCDoR sent the notice. At the August 27, 2024 hearing on the NCDoR Motions, the Debtor did not offer any evidence or even argue her motions and instead relied entirely on the pleadings. Similarly, the Debtor did not offer any evidence or argument at the October 8, 2024 hearing on the motions that led to the Mecklenburg County Order and the Iredell County Order. Even worse, after the Debtor filed motions to "vacate

5

or alter amend" each of the Orders and noticed hearings on December 10, 2024, she did not appear at the hearing.[4] The December 30, 2024 orders denying the Debtor's motions to "vacate or alter amend" note that they were not timely filed, do not allege any basis for the relief sought, and are frivolous. The December 30, 2024 orders even include warnings to the Debtor that further frivolous filings will result in sanctions.

Accordingly, the court hereby **CERTIFIES** that these appeals are not taken in good faith, and the Motion is hereby **DENIED**.

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court

---

[4] At the December 10 hearing, the attorney for the Chapter 13 Trustee reported that he received an email from the Debtor that said she was not able to appear due to health issues, but the Debtor did not contact the court prior to the hearing.